UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRACI LYNN EPPS,

        Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. 2:17-CV-01913-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Traci Lynn Epps filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Deputy Commissioner of Social Security's ("Commissioner") denial of Plaintiff's applications supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the ALJ did not commit harmful error at Step Two of the sequential evaluation process regarding Plaintiff's diabetes and diabetic

neuropathy. The Court also concludes the ALJ did not err in his consideration of medical opinion evidence from Dr. Jenny Kim, M.D. As the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On October 6, 2014, Plaintiff filed applications for SSI and DIB, alleging disability as of June 1, 2008. *See* Dkt. 7, Administrative Record ("AR") 30. The applications were denied upon initial administrative review and on reconsideration. *See* AR 30. ALJ Glenn G. Meyers held a hearing on May 5, 2016. AR 52-108. In a decision dated June 29, 2016, the ALJ determined Plaintiff to be not disabled. AR 30-44. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 6-9; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to find her diabetes mellitus and diabetic neuropathy were severe impairments at Step Two, and improperly assessing her residual functional capacity ("RFC") in light of the Step Two errors; and (2) failing to provide legally sufficient reasons to discount medical opinion evidence from Dr. Kim. Dkt. 11, pp. 1-9.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I. Whether the ALJ properly considered Plaintiff's severe impairments at Step Two of the sequential evaluation process.**

Plaintiff first argues the ALJ erred by failing to find her diabetes and diabetic neuropathy in her feet were severe impairments at Step Two of the sequential evaluation process. Dkt. 11, pp. 4-5. Moreover, Plaintiff argues that as a result of these errors, the ALJ improperly assessed her RFC. *Id.* at 2, 5-7.

Step Two of the Administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a) (effective through March 26, 2017), 416.921(a) (effective through March 26. 2017).[1] "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (quoting 20 C.F.R. § 140.1521(b)). An impairment or combination of impairments "can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting Social Security Ruling "SSR" 85-28)).

At Step Two, the ALJ found Plaintiff "has the following severe impairments: alcohol use disorder in remission; dysthymic disorder; personality disorder; anxiety disorder; panic disorder, without agoraphobia." AR 32. The ALJ did not find Plaintiff had any severe physical

---

[1] The Court "applies the law in effect at the time of the ALJ's decision." *Rose v. Berryhill*, 256 F.Supp.3d 1079, 1083 n.3 (C.D. Cal. 2017) (citations omitted).

impairments at Step Two. AR 32-34. The ALJ also did not mention diabetes in any part of his decision. *See* AR 30-44. Further, although the ALJ discussed Plaintiff's "bilateral foot pain" at Step Two, the ALJ found it "to be a non-medically determinable impairment" because the medical evidence "does not contain a longitudinal history of foot pain." AR 33.

Plaintiff argues the ALJ erred by failing to find her diabetes and diabetic neuropathy were severe impairments. Dkt. 11, pp. 4-5; Dkt. 13, pp. 1-4. To support her assertion that her diabetes is a severe impairment, Plaintiff points to evidence in the record showing she has a diabetes diagnosis and prescribed medications related to her diabetes. Dkt. 11, p. 4; Dkt. 13, p. 1. Plaintiff fails, however, to point to any evidence in the record showing her diabetes significantly limits her ability to conduct basic work activities. *See id.*; 20 C.F.R. §§ 404.1521, 416.921 (an impairment is "not severe if it does not significant limit your physical . . . ability to do basic work activities," such as "walking, standing, [or] standing"). The Court's record review also did not reveal such evidence.

Likewise, to support her assertion that her diabetic neuropathy is a severe impairment, Plaintiff points to evidence in the record containing her complaints of foot pain, diagnosis of "diabetic neuropathic arthropathy," and medications. Dkt. 13, pp. 1-4. The Court notes Plaintiff primarily argued her diabetic neuropathy was a severe impairment in the Reply. *See* Dkt. 13, pp. 1-4. Although Plaintiff briefly mentioned this impairment in the Opening Brief, she failed to provide any particularized argument regarding this alleged severe impairment in that brief. Dkt. 11, pp. 1, 4-5; *see Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2007) (citation omitted) (the court will not consider an issue that a plaintiff fails to argue "with any specificity in [her] briefing"); *see also Thompson v. Comm'r of Internal Review*, 631 F.2d

642, 649 (9th Cir. 1980), *cert. denied*, 452 U.S. 961 (1981) (citation omitted) ("appellants cannot raise a new issue for the first time in their reply briefs").

Regardless, even when considering the belated arguments in the Reply, Plaintiff has shown no error. Plaintiff fails to point to any evidence in the record showing Plaintiff's diabetic neuropathy significantly limits her ability to conduct basic work activities. *See* Dkt. 13, pp. 1-4. Therefore, Plaintiff has failed to show the ALJ erred at Step Two in not finding Plaintiff's diabetes and diabetic neuropathy were severe impairments. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected [her] 'substantial rights.'").

Plaintiff, as a separate argument, asserts the ALJ improperly assessed Plaintiff's RFC "[g]iven the Step-Two [e]rror." Dkt. 11, pp. 5-7. However, because the Court found Plaintiff did not show error at Step Two, Plaintiff's RFC argument fails, as well.[2]

**II.     Whether the ALJ adequately assessed the medical opinion evidence.**

Second, Plaintiff maintains the ALJ erred in his treatment of medical opinion evidence from Dr. Kim. *Id.* at 7-8.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035,

---

[2] Plaintiff briefly mentions the ALJ's duty to fully and fairly develop the record in this section of her brief. *See* Dkt. 11, pp. 5-7. However, because Plaintiff's argument rests upon her Step Two RFC argument and does not "argue with any specificity" how the ALJ failed to develop the record, the Court declines to address any such argument. *See Carmickle*, 533 F.3d at 1161 n.2.

1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Kim filled out a "Physical Functional Evaluation" form on December 21, 2015. AR 512-14. On the evaluation form, Dr. Kim noted Plaintiff subjectively reported constant foot pain, lower back pain, and abdominal pain and bloating. AR 512. With respect to non-exertional limitations, Dr. Kim wrote Plaintiff had "severe agoraphobia, difficulty leaving the house." AR 513. Furthermore, when asked to list all objective "laboratory imaging, range of motion, and other diagnostic test results," Dr. Kim wrote: "None through our clinic, has not been seen since [October] 2014." AR 513.

Dr. Kim diagnosed Plaintiff with musculoskeletal pain in the lower back and feet, as well as abdominal cramping and bloating. AR 513. Dr. Kim opined Plaintiff's musculoskeletal pain caused moderate limitations in her ability to sit, stand, walk, lift, and carry. AR 513. In addition, Dr. Kim determined Plaintiff's abdominal cramping and bloating caused moderate limitations in her ability to stoop and crouch. AR 513. Dr. Kim also opined Plaintiff was limited to performing work at the sedentary work level. AR 514. Lastly, regarding whether Plaintiff needed "additional tests or consultations," Dr. Kim made several suggestions, including x-rays, labs, referral to physical therapy, and pain medication management. AR 514.

The ALJ summarized part of Dr. Kim's opinion and assigned it "little weight," stating:

> This evaluation was based on the claimant's symptoms and not objective medical evidence. Dr. Kim noted that the claimant was not taking medication, not even over the counter nonsteroidal anti-inflammatory drugs (NSAIDs) medication for these conditions. She noted that the claimant had not had any previous surgeries. There were no physical examination findings or diagnostic images to support the opinion. As mention[ed] above, findings from the claimant's physical

| | |
|---|---|
| 1 | examination on December 21, 2015, were generally normal. She had no tenderness, kyphosis, or scoliosis. Her straight leg-raising test was negative and |
| 2 | she had normal gait. Inspection of her four extremities was normal, including her cervical, thoracic, and lumbar spine. She was described as neurologically intact |
| 3 | and she was able to walk on her heels and toes. |

AR 33-34 (citation omitted).

The first reason the ALJ gave for discounting Dr. Kim's opinion was because it was based on Plaintiff's symptoms and not objective medical evidence. An ALJ may reject a doctor's opinion "if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation and internal quotation marks omitted). Further, an ALJ may reject a doctor's opinion if it is "brief, conclusory, and inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)).

In this case, Dr. Kim's report reveals she based her findings on Plaintiff's reported symptoms and not objective medical evidence. After writing Plaintiff subjectively reported foot pain, lower back pain, and abdominal bloating and pain, Dr. Kim diagnosed Plaintiff with musculoskeletal pain in the feet and lower back, and abdominal bloating and cramping. *See* AR 512, 513. Thus, Dr. Kim's diagnoses directly mirrored Plaintiff's subjective reports. Moreover, although a treating physician's opinion "is given controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Plaintiff has not pointed to – and the Court could not find – such clinical or laboratory findings in the record supporting Dr. Kim's opined limitations. *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(2)) (internal quotation marks omitted); *see* Dkt. 11, pp. 7-8.

Notably, Dr. Kim provided these diagnoses notwithstanding her note that her clinic had no objective laboratory, imaging, range of motion, or other diagnostic test results. AR 513. Dr.

Kim's report also does not indicate she conducted a physical examination of Plaintiff at this evaluation. *See* AR 512-14. Therefore, the ALJ reasonably determined Dr. Kim based her opinion on Plaintiff's symptoms and not objective medical evidence, and provided a clear and convincing reason to discount Dr. Kim's opinion. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (citation omitted) ("If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld).

While the ALJ provided other reasons to discount Dr. Kim's opinion, the Court declines to consider whether these remaining reasons contained error, as any error would be harmless because the ALJ gave a clear and convincing reason to discount the opinion. *See* AR 33-34; *Presley-Carrillo v. Berryhill*, 692 Fed.Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle*, 533 F.3d at 1162) (noting that although an ALJ erred with regard to one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion). Accordingly, the Court finds the ALJ properly discounted Dr. Kim's medical opinion.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 8th day of June, 2018.

David W. Christel
United States Magistrate Judge